FILED
2021 Aug-25  PM 02:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **KIMBERLY MITCHELL, an individual,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.** |
| | ) |
| **TALLADEGA CITY BOARD OF** | ) |
| **EDUCATION; TONY BALL, individually;** | ) **JURY DEMAND** |
| **DR. DARIUS WILLIAMS, individually,** | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, KIMBERLY MITCHELL ("Mitchell"), by and through her attorney of record, and propounds this Complaint against the Defendants.

## I.   JURISDICTION AND VENUE

1.   The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 (Federal question) and 28 U.S.C. §1343 (Civil Rights).

2.   The suit is authorized and the jurisdiction of the Court is invoked to secure protection of and redress the depravation of rights secured by 42 U.S.C. 1981 and 42 U.S.C. 1983 to secure protection from discrimination based on race.

3.   Venue is proper pursuant to 28 U.S.C. §1391 because all parties are located or conducting business within the Northern District of Alabama, and the

acts complained of took place in the Northern District of Alabama, Eastern Division.

## II. ADMINISTRATIVE PROCEDURES

4.    There are no statutory prerequisites for either 42 U.S.C. 1981, or to 42 U.S.C. 1983, and the claims are filed within 4 years of the alleged actions. 28 U.S.C. §1658(a). See *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (US 2004); *Baker v. Birmingham Board of Education*, 531 F.3d 1336 (11th Cir. 2008).

5. The Plaintiff files this Complaint within the applicable statue of limitations.

## II.    PARTIES

6.    The Plaintiff, Mitchell, is over the age of nineteen, is a citizen of the United States and is resident of the State of Alabama, within the Northern District of Alabama, Eastern Division.

7.    The Defendant, Talladega City Board of Education (hereinafter "Board" or "Defendant"), is located, and doing business, within the Northern District of Alabama, Eastern Division.

8. The Defendant, Tony Ball, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this Complaint, Tony Ball

was Talladega City Schools Superintendent. He is being sued in his individual capacity.

9.      The Defendant, Darius Williams, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this Complaint, Darius Williams was a Principal with Talladega City Schools. He is being sued in his individual capacity.

## III.   FACTUAL ALLEGATIONS

10.  Mitchell is white.

11.  Mitchell was employed by the Talladega City Board of Education as a teacher.

12.  On or about July 2, 2018, Mr. Ball was voted into the Superintendent position.

13.  During that summer, at a system-wide institute, Superintendent Ball met Mitchell.

14.  Superintendent Ball had several other encounters with Mitchell, prior to Defendant Talladega City School Board's vote which occurred on or about November 27, 2018,

15.  At the end of July, 2018, Darion Simmons (black male) became Assistant Principal to the middle school.

16. Prior to becoming Assistant Principal, Darion Simmons had been the math teacher at the high school beginning in 1998 or 1999 (approximately 19 years).

17. On or about August 30, 2018, the position of Career Technical Education Coordinator was posted.

18. Mitchell was the most qualified applicant for the position as her employment history with the Talladega City School Board was in career tech.

19. At the time the position was posted, Mitchell had been employed as a teacher for 22 years, 17 of which she was employed by Talladega City Board of Education.

20. During her employment with the Talladega City School Board, Mitchell taught the career tech curriculum, Mitchell's students became state and national officers in career tech, Mitchell received accolades for her work in career tech, and Mitchell served on many career tech boards.

21. Superintendent Ball and his staff prepared the postings.

22. On or about September 1, 2018, Mitchell personally appeared in the office, spoke with Superintendent Ball, and applied for the position.

23. On or about September 26, 2018, Mitchell was interviewed by Superintendent Ball, Principal Williams, and Gloria Thomas for the position.

24. On or about October 11, 2018, Defendant Talladega Board of Education held a board meeting.

25.   On or about October 11, 2018, there was no quorum and the meeting was moved to the following day on or about October 12, 2018.

26.   At the October 12, 2018 board meeting, Debbie Cochran was selected Interim Coordinator.

27.   Subsequent to the October 12, 2018 board meeting, Superintendent Ball withdrew the tentative offer already extended to another candidate.

28.   On or about October 12, 2018, the position was reposted by Superintendent Ball instead of making another offer to the remaining two candidates.

29.   There was no reason to repost the position when the most qualified applicant, Mitchell, had already applied and been interviewed.

30.   Mitchell applied for this position as second time.

31.   This time, Darian Simmons applied for the position.

32.   On or about October 29, 2018, Joseph Huss, who wrote a letter in support of Mitchell for the position, was called into a meeting with Superintendent Ball and in an angry manner told he was not entitled to IT like, "Mitchell is not entitled to career tech."

33.   On or about Tuesday, October 30, 2018, Mitchell was in a meeting with Ms. Cochran and Principal Williams wherein she specifically asked if there were any issues with her performance so that she could self-correct those problems.

34. During the meeting, on or about October 30, 2018, Mitchell was told by Ms. Cochran and Principal Williams there were no issues with her performance and said everything was fine.

35. On or about Thursday, November 1, 2018, Mitchell appeared for a meeting with Superintendent Ball, School Resource Officer Tania Stephens, and Darian Simmons, Assistant Principal at the Jr. High School.

36. On or about November 27, 2018, Darian Simmons, a black male, was placed in the position.

37. Darian Simmons had no experience in career technical education.

38. Darian Simmons only had one month of administrative experience at the time of the first posting for the Career Tech Education Coordinator.

39. After Darian Simmons received the position he asked Mitchell for assistance in performing the job, and announced Mitchell as being his right-hand man.

40. Superintendent Ball and Principal Williams acknowledge they were aware Mr. Simmons had, "no experience in Career Technical Education" when he was selected.

41. Superintendent Tony Ball states on an audio recording, "when you hire someone, they need to be black" when speaking of hiring new employees as the children in the school system are 67% black.

42. Superintendent Tony Ball states on an audio recording, race becomes an issue on everything, and he complains how he has to answer "Are they white are black?" when looking at applicants.

43. Superintendent Tony Ball explains on an audio recording, everything is done on-line, and " A lot of times you don't know whether they are white or black. If the name is Quadarius it's kind of a good clue. If Emily, probably no".

44. Superintendent Tony Ball explains on an audio recording, he gets the applications, "narrows it down to three or four people we want to interview and usually one or two stands out. But sometimes they are 'even-Steven' and you just pick one. It doesn't mean it was bad and that is a similar situation to this other one" when discussing the career tech position.

45. Superintendent Tony Ball explains on the audio recording most of the time if the principal recommends an applicant, he will be okay with it.

46. The Defendant, Darius Williams, stated he wanted an all chocolate administration.

47. The Talladega City School Board, Ball and Williams had a history of and/or pattern and practice of selecting less qualified black applicants for available positions.

## IV.  CLAIMS

The defendants discriminated against Mitchell because of her race in job promotions, and other terms conditions and privileges of employment as follows:

## COUNT IV- RACIAL DISCRIMINATION – 1981/1983

### (against Talladega City Board of Education (1981), Ball in his individual capacity (1981/1983), and Williams in his individual capacity (1981/1983)

48. Mitchell is white.

49. Darian Simmons, is an African American.

50. Mitchell applied for the Career Tech Coordinator position.

51. Darian Simmons received the position of Career Tech Coordinator.

52. Mitchell was not given the position due to the fact she is white.

53. Superintendent Tony Ball states, "when you hire someone, they need to be black" when speaking of hiring new employees as the children in the school system are 67% black.

54. On the audio recording Superintendent Tony Ball states race becomes an issue on everything, and he complains how he has to answer "Are they white are black?" when looking at applicants.

55. On the audio recording Superintendent Tony Ball explains everything is done on-line, and " Alot of times you don't know whether they are white or black. If the name is Quadarius it's kind of a good clue. If Emily, probably no".

56. On the audio recording, Superintendent Tony Ball explains he gets the applications, "narrows it down to three or four people we want to interview and

usually one or two stands out. But sometimes they are 'even-Steven' and you just pick one. It doesn't mean it was bad and that is a similar situation to this other one".

57. Dr. Darius Williams stated he wanted an "all chocolate" administration.

58. Superintendent Tony Ball and Principal Williams personally participated in the constitutional violation when they interviewed and/or recommended the Talladega City Board of Education to repost the position, then select Darian Simmons, a black male, for the position.

59. The Talladega City Board of Education participated in the constitutional violation when they voted not to select Mitchell, allowed Superintendent Ball to re-post the position, then voted to accept Ball's selection of Darian Simmons.

60. Defendants acted with malicious intent and/or reckless disregard for Mitchell's' federally protected rights when they proceeded to ensure the most qualified applicant, who happened to be white, did not get the position.

61. Defendants have a habit and/or practice of discriminating against white employees, and condoning and/or allowing race discrimination.

62. The Defendant's statement that Darian Simmons had more experience is false and pretextual.

63. Darian Simmons did not even apply for the position when it was first posted.

64. The stated reason for not selecting Mitchell is pretext because Simmons had no career tech experience, and only 1 month experience at the time of the first posting.

65. As a proximate cause and cause in fact of said race discrimination, the Plaintiff was caused to suffer the following injuries and damages: compensatory damages including but not limited to: lost wages (front and back pay with interest), damage to career, lost benefits, shame, humiliation, embarrassment, stress, anxiety, anger, helplessness, emotional distress, pain, suffering, and out of pocket expenses.

81. As a result of the Defendant's willful and unlawful violations of 42 U.S.C. 1981 and 1983, the Plaintiff is seeking compensatory damages, punitive damages, attorney's fees and costs of litigation.

## VI.   PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Mitchell, respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Enter an Order requiring the defendant to make Mitchell whole by awarding her compensatory, punitive damages, and liquidated damages to include, but not limited to lost wages (both back pay and future pay) plus interest, loss of benefits, including the lost difference in retirement, the lost difference in pension, seniority, and other benefits of employment, embarrassment, humiliation, shame,

damage to reputation, damage to career, mental distress, emotional and physical

pain and anguish, and out of pocket expenses.

2.      The Plaintiff further prays for such other relief and benefits as the

cause of justice may require, including, but not limited to, an award of costs,

attorney's fees and expenses.

### THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

Respectfully submitted,

*Patricia a Gill*

Patricia A. Gill  ASB-0780-I66P

OF COUNSEL
PATRICIA A. GILL, P.C.
PO BOX 55304
Birmingham, AL 35255
Phone: (205) 789-1906
Facsimile: (205) 930-9809
E-mail: patriciagill@yahoo.com

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL

Talladega City School Board
106 South Street W Ste A
Talladega, AL 35160

Tony Ball
 826 Highland Avenue
Anniston, AL 36207

Darius Williams
157 Talladega Creek Dr.
Talladega, AL 35160